UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO VALENCIA-AVENDANO ) <br> ) <br> Petitioner, ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA ) <br> ) <br> Respondent ) <br> ) <br> ) | CASE NO. 3:12-cv-01469-AJB <br> CRIM. NO. 3:11-cr-01401-AJB-1 <br> <br> **ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY** <br> <br> [Doc. No. 84 in 3:11-cr-01401] |

Presently before the Court is Petitioner Gerardo Valencia-Avendano ("Petitioner")'s motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. 2255.  (Doc. No. 84.) Petitioner, a federal inmate proceeding *pro per*, seeks relief based on the claim of ineffective assistance of counsel, alleging his attorney, Mr. Jorge Jaramillo, assured him he would receive time served and used coercive tactics to obtain a plea that was not voluntarily made.  The Court held a status hearing on October 28, 2012.  Petitioner appeared telephonically and Mr. Jaramillo was not present.  Having considered the parties' arguments, and for the reasons set forth below, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct his sentence.

## BACKGROUND

On March 12, 2011, Petitioner was arrested and charged with (1) conspiracy to distribute 115.40 kilograms (253.87 pounds) of cocaine, a Schedule II Controlled Substance, and approximately 3.25

kilograms (7.15 pounds) of methamphetamine. On February 7, 2012, pursuant to a plea agreement ("Plea Agreement"), Petitioner plead guilty to 21 U.S.C. 846 and 841(a)(1), Conspiracy to Distribute Controlled Substances. ( [Plea Agr't] Doc. No. 61, Ex. 1 ¶ I.A.) As part of the Plea Agreement, Petitioner understood that the crime to which Petitioner was charged carried a maximum sentence of life in prison and a mandatory minimum of 10 years. (*Id.* ¶ III.A.) The Plea Agreement further indicated that Petitioner understood that he was pleading guilty, he "had a full opportunity to discuss all the facts and circumstances of [the] case with defense counsel," and he had a "clear understanding of the charges and the consequences of this plea." (*Id.* ¶ VI.A.) Additionally, Petitioner expressly "waive[d], to the full extent of the law, any right to appeal, or to collaterally attack the conviction and sentence." (*Id.* ¶ XI.) Finally, the Plea Agreement stated that "no one had made any promises or offered any rewards in return for this guilty plea . . . no one had threatened defendant or defendant's family to induce the guilty plea," and that Petitioner's ultimate sentence was "within the sole discretion of the sentencing judge." (*Id.* ¶¶ VI.B, VI.C, IX.) The Plea Agreement never stated Petitioner would receive a sentence of time served, nor was such a sentence even referenced. (Doc. No. 61.)

On February 7, 2012, four days after Petitioner signed the Plea Agreement, Petitioner admitted at a disposition hearing before Magistrate Judge Gallo that there were no threats or coercion used by anyone in connection with his guilty plea. Such statements were made by Petitioner under oath. Thereafter, on February 14, 2012, pursuant to a Cooperation Agreement ("Cooperation Agreement"), Petitioner testified in connection with the prosecution of Ernesto Schramm ("Schramm"). (Doc. No. 63.) *United States v. Ernesto Schramm*, Case No.: 12cr0385AJB. Schramm had been arrested with Petitioner and had elected to proceed to trial. At Schramm's trial, Petitioner testified as to the terms of the Plea and the Cooperation Agreements, stating that he understood the terms of both. (Case No.: 12cr0385, Doc. No. 17.) Petitioner further testified that when he was ultimately sentenced, the sentencing judge, and not the Government or his counsel would impose the ultimate sentence. At Schramm's trial, Petitioner never stated he would receive, nor was he promised, a sentence of time served for his testimony. His only reported expectation was that the government would recommend a sentence under the mandatory minimum 120 month sentence, if the Government was satisfied with his cooperation against his co-defendant.

On March 17, 2012, prior to Petitioner's sentence, his attorney submitted a lengthy sentencing memorandum on his behalf. (Doc. No. 101, Ex. 5, pp. 4-8.) On May 24, 2012, the Court sentenced Petitioner to a 51-month sentence based on the following guideline calculations: Base offense level of 38, increased by two levels for importation of methamphetamine, decreased by two levels for safety value, decreased by two levels for combination of factors, decreased three levels for acceptance of responsibility, decreased seven levels for substantial assistance, and decreased two levels for duress. (Doc. No. 82.) Before Petitioner was sentenced, his attorney requested the Court to impose a "time served" sentence. (Doc. No. 101, Ex. 5, p. 8.) The Government submitted that a sentence of 61 months was appropriate. At no time during the sentencing did Petitioner state he had been promised a sentence of "time served."

On June, 15, 2012, Petitioner filed the instant motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel and claiming that his attorney coerced him into pleading guilty and cooperating. The Government filed a response in opposition on September 7, 2011. (Doc. No. 101). On October 3, 2012, the Court received and acknowledged a letter from Petitioner that he had referenced at the status hearing.[1] (Doc. No. 109.)

## LEGAL STANDARD

The Ninth Circuit has held that a defendant may waive the statutory right to file a §2255 petition challenging the length of his sentence. *See U.S. v. Abarca*, 985 F. 2d 1012, 1014 (9th Cir. 1993) *cert. denied*, 508 U.S. 979, 113 S.Ct. 2980, 125 L.Ed. 2d 677 (1993), *U.S. v. Pruitt*, 32 F. 3d 431, 433 (9th Cir. 1994). "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea of the waiver] are waivable." *U.S. v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

The only claims that cannot be waived are claims that the plea or waiver itself was involuntary or that ineffective assistance of counsel rendered the plea or waiver involuntary. *See Washington v. Lampert*, 422 F. 3d 864, 871(9th Cir. 2005) (holding that plea agreement that waives the right to file a federal habeas petition pursuant to §2254 is unenforceable with respect to an ineffective assistance of

---

[1] At the status hearing Petitioner informed the Court that he sent the letter prior to the Court's ruling on the instant motion.

counsel claim that challenges the voluntariness of the waiver); *Pruitt*, 32 F. 3d at 433 (expressing "doubt" that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular part of the plea bargain), *Abarca*, 985 F. 2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver).

The Sixth Amendment guarantees criminal defendants the constitutional right to be represented by counsel at all critical stages of the prosecution. *Turner v. Calderon*, 281 F.3d 851, 879 (9th Cir. 2002). To prevail on a claim that his trial counsel rendered ineffective assistance, a petitioner must demonstrate that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 688–93, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the performance prong of the *Strickland* test, the Court does not focus on whether counsel's advice was right or wrong, but whether that advice was within the range of competence demanded of attorneys in criminal cases. Turner, 281 F.3d at 881 (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). There is a "strong presumption that counsel's conduct falls within the wide range of professional assistance." *Strickland*, 466 U.S. at 689.  Under the prejudice prong, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

A petitioner must establish both deficient performance and prejudice in order to establish ineffective assistance of counsel. *Strickland*, 466 U.S. at 687; *United States v. Olson*, 925 F.2d 1170, 1173 (9th Cir.1991). "Because failure to meet either prong is fatal to [a defendant's] claim, there is no requirement that [courts] 'address both components of the inquiry if the defendant makes an insufficient showing on one.' " *Gonzalez v. Wong*, 667 F.3d 965, 987 (9th Cir.2011). The Supreme Court has recognized that "[s]urmounting *Strickland*"s high bar is never an easy task." *Padilla v. Kentucky*, ––– U.S. ––––, ––––, 130 S.Ct. 1473, 1485 (2010).  The same standard applies to contentions that a prisoner's guilty plea is based on ineffective assistance of counsel.  *Hill v. Lockhart*, 474 U.S. 52 (1985)

A district court may not deny a section 2255 petition without a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In order for the petitioner to qualify for an evidentiary hearing, he must make "specific factual

allegations which, if true, would entitle him to relief." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

## **DISCUSSION**

Petitioner's ineffective assistance of counsel claim is two-fold. First, Petitioner argues he received ineffective assistance of counsel because his attorney assured him he would receive a sentence of "time served;" and second, Petitioner received ineffective assistance of counsel because his conviction was obtained by a plea of guilty that was unlawfully induced and not voluntarily made. Each will be discussed in turn.

### *I.    Assured a Sentence of Time-Served*

Petitioner supports this contention by arguing that his attorney was not forthcoming with the legal information against him, he never received a copy of the indictment or discovery, his attorney allowed Petitioner to enter a plea agreement that did not benefit petitioner, and his attorney placed considerable pressure on him to sign the plea agreement. None of these contentions are supported by the record. *See Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir.1989) (stating that no evidentiary hearing is needed when a petitioner's contentions are not supported by the record).

Prior to discussions concerning the Plea Agreement, Petitioner's attorney reviewed the evidence and discovery presented by the Government, and then advised Petitioner that because Petitioner had confessed at the time of arrest, and agreed to participate in a controlled delivery of cocaine, if he elected to go to trial the evidence against him was "strong." (Jaramillo Decl., Doc. No. 101, Ex. 6.) Subsequently, Petitioner signed both the Plea Agreement and the Cooperation Agreement, neither of which mentioned a sentence of "time served." (*Id*.) Both Agreements were communicated to Petitioner in Spanish, his native language, by both his attorney and an interpreter. (*Id*.) During this process, Petitioner was asked countless times whether or not his plea was voluntary, including, but not limited to, when the Plea Agreement and Cooperation Agreement were signed, at the disposition hearing before Judge Gallo, at the Schramm trial, and at sentencing. Petitioner never once contended his plea was coerced or otherwise obtained by use of threats. Finally, as supported by the Plea Agreement and noted by the Court at the status hearing, Petitioner's current sentence of 51-months is a lighter sentence than if

he would have proceeded to trial.[2]  Accordingly, Petitioner has failed to demonstrate how he was assured a sentence of "time served," and his ineffective assistance of counsel claim fails on this ground.

### *II.     Plea Unlawfully Induced and Not Voluntarily Made.*

Second, Petitioner argues that his plea was unlawfully induced and not voluntarily made because his attorney used coercive tactics in imposing the plea agreement that was contrary to what Petitioner actually received by the Judge.  Petitioner further contends that his attorney assured him that the plea would be less if Petitioner cooperated and provided information to the government.  Accordingly, Petitioner entered the plea solely by the advisement of counsel, and his ultimate sentence was not as he had been promised.

Upon review of the parties moving papers, the Court finds Petitioner's assertions are conclusory and not supported by the record.  As stated in the declaration submitted by Petitioner's attorney, Petitioner was fully informed in his native language regarding the contents of both the Plea and Cooperation Agreements.  Petitioner was never told he would be granted a "time served" sentence—either by his attorney or the Government.  The only promise his attorney did make was that before the Judge imposed the final sentence he would request the Court for a sentence of time served, which he did.  (See Doc. No. 101, Ex. 5, 8:8-9.)  Moreover, Petitioner testified in open court regarding the substance of both the Plea and Cooperation Agreements during the Schramm trial, and acknowledged that he fully understood both Agreements at the disposition hearing before Judge Gallo.  Based on this evidence, and Petitioner's acknowledgment in both Agreements that threats, coercion, or undue influence was not used to obtain his plea, the Court finds the Petitioner's arguments unavailing and an evidentiary hearing is unnecessary.  *See United States v. Chacon-Palomares*, 208 F.3d 1157, 1159 (9th Cir. 2000) (citing 29 U.S.C. § 2255); *Blackledge v. Allison*, 431 U.S. 63, 74-81, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (finding an evidentiary hearing is unnecessary when the court has sufficient facts

---

[2] At the status hearing Petitioner stated that he was promised a sixty percent (60%) reduction in his sentence if he agreed to cooperate with the Government in the Schramm Trial.  The Government contested the truth of this statement.  Because this argument was not included in Petitioner's motion, and was presented for the first time at the status hearing, the Court does not consider Petitioner's claim.  Nevertheless, even if Petitioner's statement was accurate, and the Court considered it, the Court finds Petitioner actually received a lighter sentence then he alleged was promised.

before it to fully and fairly rule on the merits of claims). Accordingly, Petitioner's ineffective assistance of counsel claim also fails on this ground.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the motion, the files, and records of the case conclusively show that the prisoner is entitled to no relief. As such, the court has found no right or basis to an evidentiary hearing in this case. Based on the forgoing, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Court also denies a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). The Clerk of the Court is instructed to close the case and enter judgment accordingly.

IT IS SO ORDERED.

DATED: October 4, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge